**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**THOMAS JONES,**

    **Plaintiff,**

  v.                                    Case No. 11-CV-862

**CHAD CARRIGAN,**

    **Defendant,**

---

## ORDER

Plaintiff, Thomas Jones, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

Regardless of plaintiff's fee status, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S.

at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In May 2010, defendant Chad Carrigan wrote up parole violations for plaintiff, alleging plaintiff had made threats with a firearm, driven without a license, and had police contact.

Although plaintiff denied the allegations, defendant issued an order to detain plaintiff on or about May 28, 2010. Plaintiff was taken into custody without incident.

A gun seized from plaintiff's mother's house was taken to the Wisconsin Crime Lab for DNA testing that proved that plaintiff had never touched the gun. Nevertheless, defendant initiated revocation of plaintiff's supervision. In July 2010, an administrative law judge (ALJ) found plaintiff not guilty on all three allegations, but defendant appealed to administrator David Schwarz, who also found plaintiff not guilty. Plaintiff was in custody from May 28, 2010, through September 2, 2010, three months of which was after the ALJ's finding that plaintiff was not guilty. Plaintiff seeks monetary damages to compensate him for the time he spent in custody. His current confinement is not related to the fact of this complaint.

An individual on parole or probation has a protectible liberty interest associated with his status as a parolee or probation. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation). A probationer or parolee is entitled to a preliminary and a final revocation hearing that must meet certain procedural due process standards. Morrissey, 408 U.S. a 485-88; Gagnon, 411 U.S. at 782.

In this case, plaintiff is not challenging the outcome of his final revocation hearing because in that hearing the ALJ found plaintiff not guilty of the allegations against him. Rather, plaintiff is suing defendant based on defendant's actions in pursuing the revocation of his probation. Plaintiff alleges that defendant acted maliciously and initiated revocation on baseless allegations against plaintiff. These allegations implicate plaintiff's due process rights under the Fourteenth Amendment, and I will allow plaintiff to proceed on a Fourteenth Amendment due process claim against defendant.

**THEREFORE, IT IS ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the defendant.

**IT IS ALSO ORDERED** that defendant shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of November 2011.

s/_____
LYNN ADELMAN
District Judge