UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS JONES,

    **Plaintiff,**

    v.                                                                             Case No. 11-CV-0862

CHAD CORRIGAN,

    **Defendant.**

## DECISION AND ORDER

The plaintiff is proceeding pro se on claims that his civil rights were violated in connection with the revocation of his probation. This matter is now before the court on the plaintiff's motion to amend the complaint.

On January 31, 2012, the court entered an Order staying discovery on the merits of the plaintiff's claims pending the resolution of a motion for summary judgment on immunity issues. The plaintiff subsequently filed a motion to amend the complaint. In his motion, the plaintiff asserts that the Order to Detain produced by the defendants contains no essential facts that constitute probable cause that the plaintiff violated any child abuse statutes. He wants to challenge his detention as a violation of his Fourth Amendment rights. This motion does not comply with Civil Local Rule 15 because the plaintiff did not attach a proposed amended complaint, and it will be denied.

Moreover, amendment to the plaintiff's complaint addresses the merits of this case, which are stayed pending a resolution of the immunity issues. If the defendant's motion for summary judgment is denied, the court will entertain another motion from the plaintiff to amend his complaint.

Such motion shall comply with Civil Local Rule 15 and provide a copy of the proposed amended complaint that contains all of the plaintiff's allegations against the defendant. See <u>Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84</u>, 133 F.3d 1054, 1056-57 (7th Cir. 1998) (amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint).

The defendant filed his motion for summary judgment on February 29, 2012, but the plaintiff has not filed a response. However, the record suggests that the plaintiff never received the motion and supporting documents. The certificate of service the defendant filed at docket number 32 appears to have a typographical error, since it references filing on December 14, 2011. Additionally, the certificate of service indicates that the documents were mailed to the plaintiff at Stanley Correctional Institution. However, on March 7, 2012, the court received a notice of change of address for the plaintiff indicating that he had been released and providing a mailing address for all documents mailed after February 23, 2012. On March 19, 2012, the defendant filed a corrected certificate of service at docket number 34  This corrected certificate of service was mailed to the plaintiff at his new address, but there is no indication that the defendant also mailed the plaintiff a copy of the motion for summary judgment to that address.

In order to clarify the situation and move this case forward, the court will direct the defendant, within seven days of this order, to serve the plaintiff with the motion for summary judgment and supporting documents at the address the plaintiff provided on March 7, 2012. Consistent with the briefing schedules set forth in Civil Local Rules 7 and 56 (E.D. Wis.), the plaintiff's response to the motion will be due within thirty days of the date that he is served with the motion.

Due to the fact that service has not been effected, the court will consider the motion withdrawn and refiled as of the new date of service. The defendant need not refile his motion or supporting documents, but he shall file the new certificate of service. The court will update the docket to reflect the new filing date.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to amend complaint (Docket No. 26) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant shall serve the plaintiff with his motion for summary judgment and supporting documents at the address the plaintiff provided on March 7, 2012, and file a new certificate of service.

**IT IS FURTHER ORDERED** that, upon filing of the new certificate of service, the Clerk of Court shall update the docket to reflect the new filing date.

Dated at Milwaukee, Wisconsin this 16th day of May, 2012.

BY THE COURT:

_/s/ Aaron E. Goodstein_
AARON E. GOODSTEIN
United States Magistrate Judge

3

Case 2:11-cv-00862-AEG   Filed 05/16/12   Page 3 of 3   Document 35